UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

E. Mark Noonan
         Plaintiff(s)

v.          CIVIL ACTION NO.  09-10723-MLW

Wonderland Greyhound Park, Inc., et al.
         Defendant(s)

### NOTICE OF SCHEDULING CONFERENCE
### MAY 29, 2009

Bowler, U.S.M.J.

    An initial scheduling conference will be held on   7/29/2009   at  2:30   before Magistrate Judge  Marianne B. Bowler   in Courtroom     25     on the   7th   floor in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C) and (D) of Local Rule 16.1 to be of the utmost importance.[1]

    Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3.  Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.  In this session, the joint statement required by LR. 16.1(D), shall set forth each and every disputed or agreed event in such fashion that, by initialing one approach rather than another, this court can indicate clearly the individualized scheduling order to govern this case.

The joint statement shall also include in separate paragraphs dates for the following events:

(1) amendments to the pleadings;

(2) service of any written discovery request and service of any discovery motion such as a motion to compel or a motion for a protective order;

(3) close of fact discovery;

(4) designation of experts;

(5) close of expert discovery including the submission of expert reports and the conclusion of any expert deposition; and

(6) deadline to file dispositive motions.  This court may then approve or modify the joint statement and so endorse it as to make it constitute the individualized scheduling order for the management of this case.

Pursuant to LR. 16.2, certain categories of cases are exempt from the provisions of this Order.  In addition, all parties and counsel are notified that cases which involve a pro se litigant are exempt from all provisions of this Order save the obligation to appear at this scheduling conference.  Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

With respect to the required ELECTRONIC FILING, It is hereby ORDERED that all future submissions in this case must be electronically filed.  Such filings shall be made in accordance with, and subject to, the terms and conditions of electronic filing as set forth by the court.  All parties and counsel who choose to appear in this action must

make arrangements to register for participation in electronic case filing, if they have not already done so.

In addition to electronically filing any pleading, all parties and counsel shall also file all submissions relating to dispositive motions, such as motions to dismiss or motions for summary judgment, with this court in hard copy, clearly marked "Courtesy Copy-Do Not Scan" on the cover page of each pleading/submission.

The parties are further advised that notices, orders and memoranda of this court will only be filed and served electronically.  Once a party or counsel has registered for electronic filing, it is his/her responsibility to monitor his/her e-mail to ensure receipt of electronic notices.  Any changes in e-mail addresses must be reported to this court immediately.  Information and help on how to register for CM/ECF may be found at the court's website, www.mad.uscourts.gov.

           SARAH A. THORNTON
           CLERK OF COURT

By:   Marc K. Duffy, Esq.
      Deputy Clerk

---

1. The applicable sections of Local Rule 16.1 provide as follows:

    (B) Obligation of counsel to confer.  Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

        (1) preparing an agenda of matters to be discussed at the scheduling conference,

        (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery.

(C) Settlement proposals.  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) Joint statement.  Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

(b) take into account the desirability of conducting phased discovery in

which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions, including dispositive motions; and

(3) certifications signed by counsel and by an authorized representative of each party affirming

that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.