```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

E. MARK NOONAN,
    Plaintiff,

    v.                                         CIVIL ACTION NO.
                                                  09-10723-MBB

WONDERLAND GREYHOUND PARK
REALTY LLC, WONDERLAND PARKING,
INC., ANGLO IRISH BANK
CORPORATION, PLC, WONDERLAND
GREYHOUND PARK, INC., THE WESTWOOD
GROUP, INC., STERLING SUFFOLK
RACECOURSE, LLC, COASTAL
DEVELOPMENT MASSACHUSETTS, LLC,
RICHARD P. DALTON and CHARLES
F. SARKIS,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**MOTION TO SUPPLEMENT AND AMEND COMPLAINT**
<u>**(DOCKET ENTRY # 129)**</u>

**February 3, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court is the above styled motion to supplement and amend the complaint filed by plaintiff E. Mark Noonan ("plaintiff"). (Docket Entry # 129). Defendants Wonderland Greyhound Park Realty LLC ("Realty"), Wonderland Parking, Inc., Wonderland Greyhound Park, Inc. ("Greyhound Park"), the Westwood Group, Inc., Richard P. Dalton ("Dalton") and Charles F. Sarkis ("Sarkis") (collectively: "the Wonderland defendants") oppose the supplementation and amendment. (Docket Entry # 142). Defendant Anglo Irish Bank Corporation Limited

("Anglo") also opposes the motion adopting the same reasoning and arguments advanced by the Wonderland defendants. (Docket Entry # 144). After conducting a hearing on October 28, 2010, this court took the motion (Docket Entry # 129) under advisement.

On page 121 of a July 8, 2010 Memorandum and Order addressing summary judgment motions, this court stated that plaintiff may file a motion for leave to file an amended complaint to bring a derivative breach of fiduciary duty claim under Delaware law against Greyhound Park, Dalton and Sarkis. This court expressed no opinion on the merits of such a motion. On page 129 of the same Memorandum and Order, this court indicated that a proposed supplemental complaint might assist this court in the event plaintiff wished to add "CBW Lending as a defendant to any count." This court did not allow plaintiff leave to file an amended or a supplemental complaint and these statements should not be interpreted as such.

## DISCUSSION

Having issued a summary judgment opinion and, therefore, as to requested amendments, the "'plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.'" Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005). As to a motion to supplement, Rule 15(d), Fed. R.

2

Civ. P., allows a party to set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d), Fed. R. Civ. P. "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement] should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2nd Cir. 1995). Where, as here, plaintiff seeks supplementation after the filing and a ruling on summary judgment motions, the foregoing stricter standard set out in QLT Phototherapeutics may apply. See Nkihtaqmikon v. Bureau of Indian Affairs, 453 F.Supp.2d 193, 201 (D.Me. 2006) (discussing interplay between summary judgment motion and motion to supplement under Rule 15(d)). That said, this court examines the request to supplement under both the stricter standard articulated in Phototherapeutics, Inc., and the more forgiving standard articulated in Quaratino. Both standards yield the same result.

For reasons accurately pointed out and clarified by the Wonderland defendants (Docket Entry # 142), plaintiff, without sufficient justification, unduly delayed bringing the newly added derivative breach of fiduciary duty claims (counts X and XI) after the parties engaged in significant document discovery. The new claims will require additional discovery relative to the new legal theories and significantly alter the Wonderland defendants'

3

trial strategy. See Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir. 1983) (affirming denial of amendment where newly added claim "may well have affected defendants' planned trial strategy and tactics" even without additional discovery).

Likewise, the newly added fraudulent transfer and veil piercing claims (counts XVIII and XX)[1] will unduly prejudice the Wonderland defendants by necessitating further discovery and imposing additional costs, as pointed out in their opposition (Docket Entry # 142). Further, the claims rely in part on facts dating back to the original complaint and otherwise on facts well prior to the September 21, 2010 filing of the motion, as also accurately pointed out by defendants (Docket Entry # 142).

As to the addition of the Wonderland defendants and Anglo to

---

[1] The proposed amended complaint also seeks to add a second new claim for fraudulent transfer (Count XIX) against defendants Sterling Suffolk Racecourse, LLC and Coastal Development Massachusetts, LLC ("Coastal") and proposed defendants SSR Acquisitions, LLC and CBW Lending, LLC. These entities did not file an opposition to the motion to amend and supplement. At the October 28, 2010 hearing, their counsel addressed the receivership motion but said little as to the motion to amend and supplement. Out of an abundance of caution and in light of the recent change in counsel, this court will afford these entities until February 8, 2011, to file an opposition to the addition of the fraudulent transfer claim as to them (Count XIX) and hold the motion to amend and supplement in abeyance until February 8, 2011 as to Count XIX. This court expresses no opinion on the merits of such an opposition. Similarly, CBW Lending, LLC did not address its proposed addition to counts III, IV and XII and the foregoing entities did not address their proposed addition to Count XV and, except for Coastal, Count XVI. The same ruling applies. Again, this court expresses no opinion on the merits of any such opposition.

4

the preexisting equitable subordination count (Count X) against Realty, this court addressed the claim in the aforementioned Memorandum and Order beginning on page 91.  Although this court narrowly interpreted Count X as against Realty, the count included allegations of inequitable conduct on the part of the Wonderland defendants and Anglo.  The Wonderland defendants and Anglo thus had notice of the claim.  The attempt to amend the claim to include these entities is not belated inasmuch as Count X conceivably encompassed them and this court's narrow interpretation of the claim provides justification for seeking to add them to the equitable subordination claim at this juncture.

In contrast, the Wonderland defendants correctly posit (Docket Entry # 142) that plaintiff provides little justification for the undue delay in adding Sarkis to Count XV and Sarkis and Dalton to Count XVI based primarily or at least in part on facts from the original complaint.  Plaintiff directed Count XV exclusively and undeniably against only Westwood and Count XVI exclusively and undeniably against only Realty, Westwood and Anglo at the outset of this litigation.  The changed trial strategy and the additional discovery necessitated by the proposed wider reach of these counts, as noted by the Wonderland defendants (Docket Entry # 142), lends further support to denying the amendment as to adding these defendants to these counts.  The same ruling applies to the addition of Anglo to Count III.

Finally, plaintiff does not adequately explain the need to change the original 14 declarations requested in Count I[2] to 28 different declarations in the proposed Count I.[3] This court addressed the declarations in the July 8, 2010 Memorandum and Order. Even as to the events that plaintiff understandably discovered after the filing of the complaint, plaintiff provides no justification as to why he waited until September 21, 2010, to seek amendment and supplementation for the additional declarations. The Wonderland defendants correctly point out that such an expansion will require costly additional discovery and alter their trial strategy and tactics thereby causing undue prejudice. (Docket Entry # 142). Amendment and supplementation to include the 28 declarations is denied. In the event plaintiff wishes to re-plead the original declarations in Count I of the complaint, he should file a motion for leave to amend absent a stipulation among the parties.

The additional allegations in paragraphs 190 through 212, however, do not add a claim or a new party and serve to elucidate events transpiring after the filing of the complaint. Although the issue is close, this court in its discretion will allow the supplementation.

---

[2] Four of the 14 declarations are subparts within a single paragraph.

[3] Eleven of the 28 declarations are subparts within a single paragraph.

CONCLUSION

The motion to amend and supplement (Docket Entry # 129) is **DENIED** except as to the additional allegations in paragraphs 190 to 212 and the addition of the Wonderland defendants and Anglo to the equitable subordination claim proposed in Count IV.[4]  This court will hold the motion in abeyance as to certain counts for certain defendants as explained in footnote one.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[4]  The prior equitable subordination claim was Count X in the original complaint.