```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

E. MARK NOONAN,
    Plaintiff,

    v.                                           CIVIL ACTION NO.
                                                09-10723-MBB

WONDERLAND GREYHOUND PARK
REALTY LLC, WONDERLAND PARKING,
INC., ANGLO IRISH BANK
CORPORATION, PLC, WONDERLAND
GREYHOUND PARK, INC., THE WESTWOOD
GROUP, INC., STERLING SUFFOLK
RACECOURSE, LLC, COASTAL
DEVELOPMENT MASSACHUSETTS, LLC,
RICHARD P. DALTON and CHARLES
F. SARKIS,
    Defendants.

**MEMORANDUM AND ORDER RE:
MOTION TO SUPPLEMENT AND AMEND COMPLAINT
(DOCKET ENTRY # 129)**

**March 30, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court is the remaining portion of the above styled motion to supplement and amend the complaint filed by plaintiff E. Mark Noonan ("plaintiff"). (Docket Entry # 129). Defendants Sterling Suffolk Racecourse, LLC ("Suffolk Downs") and Coastal Development Massachusetts, LLC ("Coastal"), proposed defendant SSR Acquisitions, LLC ("SSRA") and intervenor CBW Lending, LLC ("CBW") object to the remaining proposed amendments and supplements except for the addition of CBW to the equitable

subordination count.[1]  (Docket Entry # 209).  CBW is therefore added as a defendant to Count IV of the first amended complaint.

DISCUSSION

As explained in the February 3, 2011 Memorandum and Order, where the plaintiff seeks amendment after one or more defendants move "'for summary judgment, a plaintiff is required to show "substantial and convincing evidence."'"  Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) ("Gold")).  The standard applies "where the motion to amend is made after a defendant has moved for summary judgment."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  Here, a number of defendants moved for summary judgment prior to the filing of the motion to amend.

Outside the purview of the Gold standard, leave to amend or supplement under Rule 15 "'is freely given when justice so requires'" absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive.  Maine State Building and Construction Trades Council, AFLCIO v. United States Department of Labor, 359 F.3d 14, 19 (1st Cir. 2004); see Nkihtaqmikon v. Bureau of Indian Affairs, 453 F.Supp.2d 193, 201

---

[1] The equitable subordination claim is Count X in the original complaint and Count IV in the first amendment complaint.

2

(D.Me. 2006) ("[m]ost courts have held that the same [Rule 15(a)] standard applies to a motion to file supplemental pleadings under Fed.R.Civ.P. 15(d)").  Motions to amend "whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy'" are particularly disfavored.  Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

Plaintiff initially seeks to add CBW as a defendant to the breach of the covenant of good faith and fair dealing claim (Count III).  CBW's involvement in the underlying action arises out of a February 2010 transaction described at pages 123 through 125 of a July 8, 2010 Memorandum and Order (Docket Entry # 130). Briefly stated, effective February 15, 2010, defendant Anglo Irish Bank Corporation, PLC ("Anglo") sold and assigned the first mortgage, the first promissory note and the Intercreditor and Subordination Agreement ("ICA") to CBW.  (Docket Entry # 91, Ex. A(33)).  Count III thus asserts that CBW breached the implied covenant of good faith and fair dealing in the ICA thereby depriving plaintiff of his rights under the ICA.  (Docket Entry 129, Ex. 1, ¶ 251).  The claim is similar to Count V in the original complaint which alleges that defendant Wonderland Greyhound Park Realty LLC ("Realty") and Anglo breached the covenant of good faith and fair dealing in the second mortgage

3

and the ICA by granting certain options in October 2008.

In May 2010, CBW moved to intervene in this action to protect its interest in the aforementioned loan documents. In June 2010, this court allowed the motion to intervene.

Given the extensive discovery to date concerning the transfers and assignments of the various loan documents and CBW's involvement in this action since June 2010, CBW's assertion that its addition to Count III would necessitate undefined additional discovery and a change of trial strategy is somewhat disingenuous. Notably, the amendment to add CBW to Count III does not inject a new legal theory into this action. Cf. Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d at 231 (affirming denial of motion to amend and distinguishing prior case on the basis that, "Here, plaintiff seeks to add an entirely new legal theory"); Steir v. Girl Scouts of the USA, 383 F.3d at 12 ("[t]hat the motion to amend by adding the Rehabilitation Act claim, if granted, would have prejudiced the Girl Scouts and Spar & Spindle by injecting a new theory of relief into the litigation, goes without saying"). The original complaint centers upon the terms of the ICA and the second promissory note and the efforts of Realty and Anglo to destroy plaintiff's contractual rights by various option agreements and

amendments to the first promissory note and the first mortgage. The addition of CBW, a successor in interest to Anglo and the apparent holder of the foregoing documents as of February 15, 2010 (Docket Entry # 102), to the existing claim in Count III will not materially alter the posture of the case. The six month period between the time plaintiff discovered CBW's involvement and the time plaintiff filed the motion to amend is neither a protracted delay nor indicative of a serious lack of diligence.

In sum, the amendment to add CBW to Count III is appropriate. The proposal to add CBW to the existing impairment of security claim (Count XII) against Anglo and Realty is appropriate for similar reasons.

In contrast to the addition of CBW to the existing claims in counts III and XII, the addition of a fraudulent transfer claim (Count XIX) against Suffolk Downs, Coastal, SSRA and CWB injects a new legal theory into this case at the eleventh hour. The prejudice is evident inasmuch as the theory requires different elements of proof, additional discovery and a different strategy at trial to address the new claim. Under either the Gold or the more lenient standard, the request to add Count XIX lacks merit.

Turning to Count XV, plaintiff unduly delayed and fails to provide substantial and convincing evidence to add SSRA, Coastal

and Suffolk Downs to the intentional interference with the ICA claim. The facts underlying the claim with respect to these defendants began in 2008. Plaintiff provides little justification for the delay until September 2010 to add these parties to this existing claim. The reasons to deny the addition of these defendants are similar to the reasons to deny the addition of Sarkis to the same claim as explained in the February 3, 2011 Memorandum and Order. (Docket Entry # 202, p. 5). Similarly, the same reasoning and ruling (Docket Entry # 202, p. 5) that denied the addition of Sarkis and defendant Richard P. Dalton ("Dalton") to the claim alleging a violation of section 11 of Massachusetts General Laws chapter 93A ("chapter 93A") (Count XVI) also applies to the proposed addition of SSRA and Suffolk Downs to the same claim.

The addition of CBW to Count XV, however, presents a closer issue. The delay in seeking to add CBW is noticeably less because CBW's involvement arose in the spring of 2010. CBW's arguments in opposing plaintiff's second summary judgment motion (Docket Entry # 119) reflect a detailed familiarity with the facts such that a sufficient amount of additional discovery to defend against the claim does not appear necessary. The reasons supporting the addition of CBW to Count III equally apply to the

addition of CBW to Count XV.  CBW is therefore added as a defendant to Count XV.

The addition of CBW to the chapter 93A claim poses greater prejudice to CBW given the increased monetary exposure chapter 93A liability presents.  The statute allows for attorney's fees and, in the event of a wilful or knowing violation, treble damages.  Mass. Gen. L. ch. 93A, § 11.  CBW therefore convincingly argues that its trial strategy would be "substantially altered" by the addition of a chapter 93A claim.  Given the increased prejudice along with the delay, amendment is inappropriate.

As a final matter, the February 3, 2011 Memorandum and Order did not expressly address the addition of defendants Wonderland Parking, Inc. ("Wonderland Parking"), Wonderland Greyhound Park, Inc. ("Greyhound Park"), the Westwood Group, Inc. ("Westwood"), Dalton and Sarkis to Count XII.  The order denied the addition of these parties to Count XII because it denied the motion except as to certain unrelated requests.  A brief explanation for the implied denial is therefore warranted.  First, plaintiff provided no justification for the delay in adding these parties to Count XII.  Unlike CBW's primary involvement which stems from the

relatively recent events in the spring of 2010, the involvement in the alleged impairment on the part of Wonderland Parking, Greyhound Park, Westwood, Dalton and Sarkis was apparent years before the September 21, 2010 filing of the motion to amend. The focus of discovery for these parties since the December 2008 filing of the original complaint did not include this claim. The changed trial strategy and the additional discovery necessitated by the proposed wider reach of Count XII, as noted by these defendants (Docket Entry # 142), warrants denying the amendment to add these defendants to Count XII.

CONCLUSION

The remaining portion of the motion to supplement and amend (Docket Entry # 129) is **ALLOWED** as to the addition of CBW to the equitable subordination count[2] and the addition of CBW to counts III, XII and XV. The remaining portion of the motion (Docket Entry # 129) is otherwise **DENIED**.

                         /s/ Marianne B. Bowler
                         **MARIANNE B. BOWLER**
                         United States Magistrate Judge

---

[2] See footnote number one.